IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JEROME O'CALLAGHAN and )
JUDITH O'CALLAGHAN, )
)
Plaintiffs ) No. 04 C 4005
)
v. ) The Honorable William J. Hibbler
)
ARM CORP., a foreign corporation, and )
AMERICAN AIRLINES, INC., a foreign )
corporation. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants move to dismiss many of the claims in Plaintiffs' Second Amended Complaint, arguing that they are preempted by the Airline Deregulation Act and the Warsaw Convention[1] or that the Plaintiffs cannot state a claim. In short, the Plaintiffs allege that they bought tickets from American Airlines from Chicago to Rome after hearing that American Airlines offered more legroom than other airlines, a claim which the O'Callaghans allege was false. Plaintiffs' Amended Complaint contains five claims: 1) a breach of contract claim; 2) a claim for common law fraud; 3) a claim based on a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act; 4) a class

---

[1] The Court ruled earlier that Plaintiffs' consumer fraud claims were not preempted by the Warsaw Convention and will not revisit that ruling, but notes that the Defendants have raised their objections to preserve them for appeal. Defendants also raise a Warsaw Convention argument to the Plaintiffs' breach of contract claim, which was not included in the original Complaint. Because the Plaintiffs' breach of contract claim seeks damages only for the nonperformance of the contract, not for any injury that occurred because of that nonperformance, it is not preempted by the Warsaw Convention. *Wolgel v. Mexicana Airlines*, 821 F.2d 442 (7th Cir. 1987).

1

action claim; and 5) a claim based on the Warsaw Convention. Defendants move to dismiss the first four of these claims.

The Airline Deregulation Act (ADA) was enacted to "ensure that the States would not undo federal deregulation with regulation of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S.Ct. 2031, 2034, 119 L. Ed. 2d 157 (1992). To achieve that purpose, the ADA includes a preemption clause that prohibits states from enacting or enforcing any law, rule, regulation, standard or other provision having the force and effect of law relating to rates, routes, or services of any air carrier. 49 U.S.C.App. § 1305(a)(1). The Supreme Court has twice visited the reach of the ADA's preemption clause. *Morales*, 504 U.S. 374, 112 S.Ct. 2031; *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). In *Wolens*, the Court held that the ADA preempted a Consumer Fraud Act claim because that act "serve[d] as a means to guide and police the marketing practices of the airlines . . . [and did] not simply give effect to bargains offered by the airlines and accepted by airline customers. *Wolens*, 513 U.S. at 228, 115 S. Ct. at 823. The Court also held that the ADA's preemption clause does not bar suits "seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Id.*, 513 U.S. at 228, 115 S. Ct. at 824. Thus, ADA does not preempt suits seeking to recover for breach of contract.

Here the Plaintiffs fraud claims do more than simply seek to enforce the parties' bargains — they seek to replace those bargains with damages. *See United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 609-10 (7th Cir. 2000). Thus, they are the kind of claim that would be preempted if they relate to the Defendants' rates, routes, or services. Plaintiffs argue that their claims relate only to the "separate, independent, intentional wrongful act of Defendants in knowingly making false representations which they indented persons to rely upon and . . . not to their rates, routes or

2

services." Pl. Response at 23. The Court disagrees. *Morales* teaches that restrictions on advertising "'surely relates to price.'" *Morales*, 504 U.S. at 389, 112 S.Ct. at 2039 (quoting *Ill. Corp. Travel v. Am. Airlines, Inc.*, 889 F.2d 751, 754 (7th Cir. 1989)) (internal quotations omitted). *Wolens* concerned a class of Plaintiffs who believed that the defendant Airline's advertisements regarding its frequent-flyer program were deceptive, and the Court held that such claims related to rates and to services. *Wolens*, 513 U.S. at 226-27, 115 S.Ct at 823. Plaintiffs' claims regarding Defendants' advertising regarding legroom cannot be meaningfully distinguished from the claims of the plaintiffs in *Wolens*. Allowing the Plaintiffs to use consumer fraud laws (both statutory and common) to obtain damages from the Defendants' advertising has the effect of regulating the Defendants' rates. The Court therefore holds that Counts II and III of Plaintiffs' Amended Complaint are preempted by the ADA and Defendants' motion to dismiss those claims is GRANTED.

The Defendants next argue that Plaintiffs' breach of contract claim fails to state a claim. The Plaintiffs allege in their Amended Complaint that the Defendants' advertised that they had "more room throughout coach" and "more legroom throughout coach." It is true that an advertisement does not constitute an offer, merely an invitation to deal on the advertised terms. *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 329-30, 371 N.E. 2d 634, 639 (1977). The Plaintiffs further allege that they inquired about this advertisement. Accepting Plaintiffs' allegations as true and drawing reasonable inferences in their favor, a reasonable factfinder could conclude that the Defendant accepted the Plaintiffs' offer to purchase tickets on the terms stated in the advertisement. *See Steinberg*, 69 Ill.2d at 330, 371 N.E.2d at 639 (when merchant takes the money, it accepts the consumer's offer).

Defendants also argue that the Plaintiffs cannot state a claim for breach of contract because their allegations contradict the written terms of the contract. The Plaintiffs have attached to their

Amended Complaint the tickets at issue, which state that they are "subject to Conditions of Contract." Defendants point to Rule 60.B.3 of American's International Passenger Rules tariff, which states, "Seat Allocation ... Carrier does not guarantee allocation of any particular space in the aircraft." Defendants appear to interpret Rule 60.B.3 as not only suggesting that American is not obligated to give consumers a particular seat, but that it is not obligated to give them any particular amount of space. American's interpretation of Rule 60.B.3 is unavailing. It is true that Rule 60.B.3 unambiguously contradicts any claim by the Plaintiffs that Defendants breached the contract by refusing to reseat them. It does not, however, unambiguously contradict a claim that the Defendants breached the contract by failing to provide more legroom than other airlines.

Defendants make a final argument that Plaintiffs have failed to state a breach of contract claim, but this argument merits little discussion. Defendants argue that Plaintiffs claim is premised on the assumption that American's advertisement "more legroom throughout coach" meant "for *every* row of coach and for *every* coach class seat." (Def. Brief in Support of Mot. to Dismiss at 22) (emphasis in original). Defendants argue that Plaintiffs' assumption is flawed, and therefore they cannot state a claim for breach of contract. Defendants' argument tortures the meaning of throughout, which means "in or to every part; from one end to the other; everywhere." Webster's Third New International Dictionary, Unabridged, at 2385 (1986). The Defendants' Motion to Dismiss Count I of Plaintiffs' Amended Complaint is DENIED.

Defendants argument to dismiss Count IV (class action) is premised entirely on its argument to dismiss Counts I, II, and III. Because the Court denied the Motion to Dismiss Count I, the Motion to Dismiss Count IV is also DENIED.

Finally, AMR moves to dismiss the entire complaint against it, suggesting that it is not responsible for the acts of its subsidiary, American Airlines. The Court agrees. Plaintiffs allege in their Amended Complaint that AMR conducts business through its wholly owned subsidiary, American Airlines. Corporations are separate legal entities and a parent company is not generally liable for the acts of its subsidiary. *United States v. Bestfoods*, 524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998); *Papa v. Katy Industries, Inc.*, 166 F.3d 937, 940-41 (7th Cir. 1999); *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir.1998). Plaintiffs solitary allegation regarding AMR is that AMR conducts business through its wholly owned subsidiary, American Airlines. But "[p]arents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent." *IDS Life Ins. Co.*, 136 F.3d at 540. Plaintiffs have made no allegation to show that there is a basis for piercing the corporate veil and attributing the acts of American Airlines to AMR. AMR's motion to dismiss is GRANTED without prejudice.

IT IS SO ORDERED.

6/8/05
Dated

The Honorable William J. Hibbler
United States District Court

5